Mr. Justice Clayton
delivered the opinion of the' cotlrt.
The plaintiff in error, by certiorari, removed this cause, after *648 -a judgment in a justice’s court against him, into the circuit court, by petition. The defendant in error, who was the plaintiff in the magistrate’s court, appeared and filed his declaration, to which a plea was regularly put in. At a subsequent term the cause was dismissed upon the motion of the defendant in error; from which it is brought to this court.
, We cannot perceive any just ground upon which this was done. The statute directs that cases of this kind, “should be tried in the circuit court, de novo, upon their merits.” We will not say, that in such cases no motion to dismiss can be at any time sustained, because it is unnecessary to decide that question. But after the pleadings in the case have been made up, such motion comes too late. The certiorari is the process for bringing the case into the court. It is made to serve the double purpose of removing the cause, and of giving notice to the parties. When the parties appear, and virtually waive all objections to the process by their acts, and recognize the jurisdiction of the court over the case by their proceedings, it is then too late to move to dismiss. The case is in court, the jurisdiction has not been questioned, and if the subject-matter is one of which the court can take cognizance, the cause must be retained for trial on the merits.
The order dismissing the case was therefore erroneous, and the judgment must be reversed, and the cause remanded.